Ruth ASHER and Ernest Asher,
Plaintiffs-Respondents,

v.

Albert THOMAS, Defendant-Appellant.

No. 8088.

Springfield Court of Appeals.

Missouri.

Oct. 10, 1962.

. Wm. T. Powers, Jefferson City, for defendant-appellant.

Joe R. Ellis and Royle Ellis, Cassville, for plaintiffs-respondents.

RUARK, Presiding Judge.

This is an appeal from a judgment wherein the plaintiffs-respondents recovered damages in the total sum of $5,250. Judgment was rendered on August 10, 1961. On August 21, 1961, defendant filed motion for judgment in accordance with defendant's motion for judgment at the close of the evidence, or in the alternative, for new trial. On August 31, 1961, defendant filed motion to amend the foregoing motion by inserting a new ground. On *November 14, 1961,* the foregoing motions were overruled by the court. On *November 29, 1961*, defendant filed notice of appeal wherein he appealed from the judgment entered "on the 21st day of November, 1961." On February 23, 1962, time for filing of transcript was extended to May 26, 1962, because of the inability of the court reporter to prepare the transcript. On May 26, 1962, the transcript was approved by counsel.

On August 25, 1962, respondents served appellant with copy of motion to dismiss the appeal with notice that they would present the same to this court on September 17, 1962, the day the case was set for argument on our docket, and on argument day the motion was so presented. This motion is based on the fact that the judgment became final on November 14, 1961; that notice of appeal was filed on November 29, 1961, and, therefore, was not within 10 days; that no special order permitting ap-

peal had been entered and that it was more than six months from date of final judgment. On the same day (September 17, 1962), appellant filed his suggestions in opposition, wherein he contended that the appeal should not be dismissed because (1) appellant had no notice of the action of the trial court in overruling the motion for new trial on *November 14, 1961* and, as the 90-day period (after which the motion is overruled automatically) expired on November 21, 1961 (by our calculations it would have expired on November 20, 1961), the motion was timely, (2) appellant was not aware of the entry overruling the motion for new trial until he received a copy of respondent's motion to dismiss on August 25, 1962; that he did not receive the transcript until May 26, 1962, and that in the meantime he had been put to the expense of appeal bond, transcript and printing of briefs, (3) the appeal is in good faith, (4) during the period extending from the dates of filing of motion for new trial and motion to amend and up to November 14, 1961, the appellant called the circuit clerk's office several times by phone (He resided in another part of the state.) to ascertain whether any ruling had been made on such motions, and, "not being notified," filed his notice of appeal in the belief that the judgment became final on November 21, 1961; that any negligence was excusable under the circumstances, and (5) prayed that the rules be suspended under Civil Rule 83.09, V.A.M.R., and that the motion to dismiss be overruled. These suggestions are not verified or supported by any affidavit or other proof.

We must of course look first to our jurisdiction.

Civil Rule 82.04, V.A.M.R., provides that no appeal shall be effective unless notice be filed not later than 10 days after the judgment or order appealed from becomes final. Civil Rule 82.05, V.A.M.R., provides that, in the event a motion for new trial is filed, the judgment becomes final at the expiration of 90 days after the filing of such motion, or if such motion is passed on at an earlier date, then at the date of disposition of such motion.

It has been held consistently that the statutes and successor civil procedure rules, as they relate to time for filing of notice of appeal, are mandatory, and that such timely filing is an indispensable prerequisite to appellate jurisdiction. Franklin v. Franklin, Mo.App., 344 S.W.2d 282; Robb v. Casteel, Mo.App., 340 S.W.2d 180; Fagan v. Hamilton Bank, Mo., 327 S.W.2d 201; Hance v. Johnson, Stephens & Shinkle Shoe Co., Mo.App., 306 S.W.2d 80; Heard v. Frye's Estate, Mo.App., 319 S.W.2d 685; Starr v. Mitchell, Mo., 237 S.W.2d 123; McPike v. St. Louis County Bank, Mo.App., 193 S.W.2d 961.

■ Civil Rule 83.09, V.A.M.R., provides (among other provisions aimed at liberalizing certain portions of the code) that the court may, in certain instances, suspend or modify the rules in a particular case upon a showing that justice so requires. This is a successor to S.Ct. Rule 1.15 which was adopted in 1945. All of the cases cited above were decided while that rule, or its successor, was in effect. The McPike Case, 193 S.W.2d 961, considered the rule and determined that the appellate court had no jurisdiction. It is our conclusion that a notice of appeal filed after 10 days confers no jurisdiction on the appellate court.

■ Nor can we furnish the would-be appellant any relief under Civil Rule 82.07, V.A.M.R. Our jurisdiction to extend the time for appeal is limited to a period of 6 months after date of final judgment, and that period has expired.

We think that what the appellant may be driving at is a contention that the order overruling the motion for new trial, made on November 14, should be treated as a nullity because of lack of notice; and that this being so, the 10 days would date from the expiration of the 90 days (November 20).

It is the established practice in all circuit courts that the attorneys for the litigants be notified when the court passes upon a matter which involves the rights of the parties, except in those matters which are set for a day certain or the circumstances are such that the attorneys are to be charged with notice. Where the court has a motion for new trial under advisement, and by overruling the same makes the judgment final, we think such notice should be given. In In re Jackson's Will, Mo.App., 291 S.W.2d 214, we said that a fair amount of diligence did not require the lawyer to sit constantly in the courtroom over a long period of time in order to watch whether and when a sleeping question is to be awakened.

On the other hand, a lawyer can, at least to some extent, protect his client's right of appeal against an inadvertence resulting in lack of notice by checking with the circuit clerk; and if he marks his calendar and inquires of the clerk immediately after the 90-day period has expired; and if he finds that the motion has been ruled upon and there has been no notice when such should have been given; and if his claim is meritorious; he still has time to apply to the appellate court for a special order of appeal under Civil Rule 82.07, V.A.M.R. He need not wait for the transcript in order to discover the inadvertency.

■ As to whether the rule announced in Hoppe, Inc. v. St. Louis Public Service Co., Mo., 235 S.W.2d 347, would extend to a situation of this kind, we make no decision. The only "suggestion" of lack of notice is contained in the Suggestions filed in opposition to the motion to dismiss. As stated, these Suggestions are unverified and unsupported by affidavit or any other proof. They are not self-proving nor are they evidence of their contents. Baker v. Baker, Mo.App., 274 S.W.2d 322(4); Bullock v. B. R. Electric Supply Co., 227 Mo.App. 1010, 60 S.W.2d 733; Orlando v. Surwald, Mo.App., 47 S.W.2d 228. We do not intend to convict a trial court of error or inadvertent failure to give notice upon the basis of some unsworn and unproven statement.

The motion is sustained and the case is dismissed.

STONE and McDOWELL, JJ., concur.