**STATE of Missouri, Respondent,**

v.

**W. A. BROOKSHIRE, Appellant.**

**No. 51440.**

Supreme Court of Missouri,
Division No. 1.

Feb. 14, 1966.

Motion for Rehearing or to Transfer to Court En Banc Denied March 14, 1966.

Norman H. Anderson, Atty. Gen., Louis C. Defeo, Jr., Jefferson City, Asst. Atty. Gen., for respondent.

W. A. Brookshire, pro se.

HENLEY, Judge.

This is a proceeding by motion under Rule 27.26 (references to rules are to Rules of the Supreme Court of Missouri and V.A.M.R.) to vacate and set aside a judgment entered October 16, 1961, by the circuit court of Cooper County sentencing defendant to imprisonment in the penitentiary for a term of ten years on his conviction of murder in the second degree. That judgment was affirmed by this court on April 8, 1963. See: State v. Brookshire, Mo., 368 S.W.2d 373.

Defendant's motion was filed in the trial court on November 21, 1964. On February 1, 1965, that court found on examination of the motion and the files and records of the case (1) that no claim for relief was stated in the motion and (2) that the issues raised by the motion had been adjudicated adversely to defendant by this court in State v. Brookshire, supra. Based on these findings the court entered an order on the same day overruling defendant's motion without a hearing. Only in passing do we note that but for reasons compelling other disposition of this case, the order of the court would be affirmed, primarily for the reason stated in what we have designated above as (2) of the trial court's findings.

The state has moved to dismiss the appeal for the reasons: (1) that the notice of appeal was not timely filed, and (2) that the transcript on appeal was not timely filed. There is merit in both grounds, but we need treat only with the first. As stated, the order overruling defendant's motion to vacate was entered February 1, 1965. On February 10, 1965, defendant filed a notice of appeal with the circuit clerk, but failed to deposit with the clerk the docket fee of $10. During oral argument before this court the defendant stated: "When I entered this penitentiary I had more than $300,000 worth of property in fine land, in stocks and bonds, in registered Hereford cattle. Now then, at the suggestion of someone on this court, I don't know who, a trustee was appointed and seized all my property and has denied me funds. The little $10 docket fee that was required to be filed—I didn't have—I had 39 cents. I never signed as a pauper, I never shall

sign as a pauper, and I think this appeal should be heard on its merits." The docket fee was deposited with the circuit clerk on April 1, 1965, by a person described by the clerk as Trustee for W. A. Brookshire.

Rule 27.26 provides that: "An order sustaining or overruling a motion filed under the provisions of this Rule shall be deemed a final judgment within the purview of Rules 28.03 and 28.04." Rule 28.03 provides: "After the rendition of final judgment * * * [a]n appeal shall be taken by filing a notice of appeal in the same manner and within the same time after final judgment as provided for civil cases." Civil Rule 82.04 provides: "When an appeal is permitted by law from a trial court and within the time prescribed, a party * * * may appeal from * * * [an] order by filing with the clerk of the trial court a notice of appeal. No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the * * * order appealed from becomes final. * * * The docket fee of $10.00 in the appellate court shall be deposited with the clerk of the trial court at the time of filing the notice of appeal. *No notice of appeal shall be accepted and filed by the clerk of any trial court unless said docket fee is deposited therewith.*" (Emphasis supplied.)

The order from which defendant attempts to appeal became final not later than March 3, 1965, no motion for new trial having been filed. Had his notice of appeal been filed and the docket fee deposited within ten days thereafter his appeal would have been timely. Civil Rule 82.05; State v. Ninemires, Mo., 306 S.W. 2d 527, 528–529 [1]. Instead, the docket fee was deposited with the circuit clerk on the twenty-ninth day thereafter.

There is nothing in the transcript or records of this court tending to show that the notice of appeal was filed pursuant to a special order of this court as authorized by Civil Rule 82.07(a). Defendant has refused to proceed in forma pauperis.

In Kattering v. Franz, 360 Mo. 854, 231 S.W.2d 148, 150 [2], we held: "* * * that there can be no valid filing of a notice of appeal until the docket fee is paid * * *." Alberswerth v. Lohse, Mo.App., 232 S.W.2d 213. This court does not have jurisdiction of and must dismiss an appeal from an order overruling a motion filed under Rule 27.26, where the notice of appeal is not timely filed. State v. Warren, Mo., 344 S.W.2d 88, 90 [3]. This notice of appeal was not timely filed because the docket fee, *without which the notice of appeal is ineffective,* was not deposited with the circuit clerk within ten days after the order became final; therefore we do not have jurisdiction of the appeal.

The appeal is dismissed.

HOLMAN, Acting P. J., and DONNELLY and STORCKMAN, JJ., concur.

HYDE, P. J., not sitting.