STATE of Missouri, Respondent,

v.

Travis GULLETT, Appellant.

No. 52275.

Supreme Court of Missouri,
Division No. 1.

Feb. 13, 1967.

Norman H. Anderson, Atty. Gen., John C. Klaffenbach, Asst. Atty. Gen., Jefferson City, for respondent.

No attorney for appellant.

HOUSER, Commissioner.

This is an appeal from an order overruling a motion filed under Criminal Rule 27.26 [1] to vacate a sentence and judgment

1. All references to rules relate to Rules of the Supreme Court of Missouri, found in V.A.M.R.

in a burglary and larceny case filed against Travis Gullett.

We have no jurisdiction of this appeal and the appeal must be dismissed for the reason that the notice of appeal was not filed in time.

■ An order overruling a motion to vacate a sentence and judgment, filed under Criminal Rule 27.26, is deemed a final judgment for the purpose of appeal. Criminal Rule 27.26; State v. Warren, Mo.Sup., 344 S.W.2d 85 [3]. The rules applicable to appeals in civil proceedings govern, since a proceeding under Criminal Rule 27.26 is regarded as a civil proceeding. State v. Floyd, Mo.Sup., 403 S.W.2d 613. Civil Rule 82.04, governing the time and manner in which appeals shall be taken, provides that no appeal shall be effective unless the notice of appeal shall be filed not later than 10 days after the order appealed from becomes final. For the purpose of ascertaining the time within which an appeal may be taken, a judgment becomes final at the expiration of 30 days after the entry of such judgment, where (as in this case) no motion for a new trial is filed. Civil Rule 82.05. This order was entered on March 11, 1966, and it became a final judgment for the purpose of appeal 30 days thereafter. If the notice of appeal had been filed not later than April 20, 1966 this appeal would have been timely. The notice of appeal, however, "received" by the clerk from the defendant on May 18, was not filed until May 24, 1966, which was too late. We have no jurisdiction of this appeal because the time for the filing of the notice of appeal had expired at the time of the filing. State v. Brookshire, Mo.Sup., 400 S.W.2d 61.

Civil Rule 82.07(a) provides that when an appeal is permitted by law from a final judgment in the trial court but the time prescribed for filing the ordinary notice of appeal has expired, a notice of appeal may be filed in the trial court within 6 months from the date of the final judgment, if the party seeking reversal of the final judgment is permitted to do so by a special order

of the appropriate appellate court. There is nothing in the transcript or records of this Court showing that the notice of appeal was filed pursuant to a special order of this Court as authorized by Civil Rule 82.07 (a). State v. Brookshire, supra.

Accordingly, the appeal is dismissed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.