Gerald D. **PETERSON**, Appellant,

v.

**STATE of Missouri,** Respondent.

No. 56261.

Supreme Court of Missouri,
Division No. 2.

Feb. 22, 1972.

Dale, Flynn & Payne, by Robert L. Payne, St. Joseph, for appellant.

John C. Danforth, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

Gerald D. Peterson, (hereafter referred to as "defendant") entered a plea of guilty on January 8, 1954, to stealing an automobile and was sentenced to imprisonment for a term of three years. He served that sentence and is now confined in the United States Penitentiary at Leavenworth, Kansas. He has filed in the Circuit Court of Buchanan County what is captioned "Writ of Error and Habeas Corpus" in which he challenges the validity of his plea of guilty on the basis that the plea was entered as the result of a threat by the prosecuting attorney that if he did not plead guilty he would "personally see to it" that defendant received a sentence of twenty years, and because he was "intimidated" to plead guilty because the prosecutor refiled a charge of burglary and larceny against him. He also asserts that the trial judge did not comply with the provisions of Rule 25.04, V.A.M.R., and ascertain that his plea was voluntarily and understandingly made.

We first note that the defendant served the sentence before the present motion was filed. Therefore, he is not in custody under the sentence he now challenges, and for that reason the procedure for postconviction review provided for by Rule 27.26, V.A.M.R., is not available to

him. In addition, he is now in confinement in a federal penitentiary outside of the State of Missouri, and even if the sentence had not been served he could not request relief pursuant to Rule 27.26. Lalla v. State, Mo., 463 S.W.2d 797.

In State v. Stodulski, Mo., 298 S.W.2d 420, this court held that a motion by a defendant in which he seeks relief from what he asserts was an invalid sentence is not to be determined by the name given to it, but rather upon the facts alleged and the relief sought, and that "a writ of error coram nobis is available to attack a judgment of conviction, even after the sentence thereunder has been served." The trial court treated the motion in this case as not being made pursuant to Rule 27.26, and we shall treat it as an application for a writ of error coram nobis.

Regardless of the proper scope of such a writ, we shall consider all the contentions advanced by defendant in his motion.

Defendant was not present at the hearing. His counsel stated to the court that he had been unable to have defendant brought from the federal penitentiary to Buchanan County for the hearing, and that he "thought it best, with the court's approval [that] we take up the matter" without the presence of defendant. Defendant's counsel also advised the court that he had requested defendant to provide him "with additional facts he thought would be relevant to his motion, and he reported he felt he had set forth sufficient facts in his original writ of error and habeas corpus." The trial court stated that the allegations in defendant's motion would be received "as if it were testimony presented by the plaintiff here in person."

It appears that a charge of burglary and stealing had been filed against defendant, but in order for him to enter the military service that charge was dismissed. However, defendant got into trouble while in the military service and was later released with a discharge other than honorable. He

was then charged with stealing an automobile, and the prosecuting attorney refiled the burglary and stealing charge. After a plea of guilty was entered to the charge of stealing an automobile, the burglary and stealing charge was again dismissed.

At the hearing defendant's counsel and the prosecuting attorney testified. We need not detail their testimony, but in substance they refuted the allegations of defendant in his motion pertaining to a threat of twenty years if he did not plead guilty.

The trial court first noted that defendant had served the sentence he sought to attack. It then found that defendant's attorney had advised him of the nature of the charge against him before he entered his plea of guilty. It also found that while there was doubt that he was threatened with a twenty year sentence, even if he had been, that was less than could have been imposed for the charges then pending against him, and there was no improper intimidation or threat which brought about defendant's plea.

■ The prosecuting attorney admitted he told defendant that if he went to trial he would prosecute him in every pending case. This was not improper if it was the prosecutor's intention to do so. It fairly advised defendant what he was faced with, and it would have been misleading for the prosecutor not to have so advised defendant. There is no contention that the charge of burglary and stealing was not justified, and the fact that defendant was faced with more than one charge cannot constitute improper "intimidation" for him to enter a plea of guilty to one of the charges.

■ Defendant contends that the judgment of the trial court was erroneous because he was not present at the hearing of his motion as required by Rule 27.26(g). First, if this was a hearing pursuant to

Rule 27.26, the motion must be dismissed for the reasons previously stated. Second, a writ of error coram nobis is a civil proceeding, and no rule, statute or constitutional provision requires the presence of defendant, Abrams v. Commonwealth of Kentucky, Ky., 296 S.W.2d 210, certiorari denied 352 U.S. 1013, 77 S.Ct. 586, 1 L. Ed.2d 559, particularly when his presence was specifically waived by his counsel.

Defendant also contends that the findings and conclusions of the trial court were not in compliance with Rule 27.26(i) in that the court did not make findings relating to whether at the time of his plea of guilty the court determined that it was voluntarily and understandingly made. Again we note, if defendant's motion be considered to be made pursuant to Rule 27.26 it would have to be dismissed. However, even though the trial court does not comply fully with Rule 25.04, V.A.M.R., if in fact the plea was voluntary and made with an understanding of the nature of the charge, no manifest misjustice could have resulted. State v. Mountjoy, Mo., 420 S.W.2d 316; Drew v. State, Mo., 436 S.W.2d 727. The trial court found that the plea was voluntarily and understandingly made, and the evidence supports that finding.

The trial court's findings are not clearly erroneous.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

MORGAN, P. J., HENLEY and DONNELLY, JJ., and SHANGLER, Special Judge, concur.