**STATE of Missouri, Respondent,**

v.

**Richard Frank LINDNER, Appellant.**

No. 57941.

Supreme Court of Missouri,
En Banc.

Sept. 10, 1973.

John C. Danforth, Atty. Gen., Daniel P. Card, II, Asst. Atty. Gen., Jefferson City, for respondent.

Richard Boardman, Legal Aid Society of St. Louis, St. Louis, for appellant.

HENLEY, Judge.

This is a proceeding commenced by application pursuant to § 552.040, subd. 4 [1], by which defendant seeks his release from custody of the Director, Division of Mental Diseases, to whom he had been committed as a result of his acquittal of the offense of armed robbery on the ground that he had a mental disease or defect excluding responsibility. Section 552.030. The application attacked the constitutionality of § 552.040 on the grounds that it deprived defendant of due process and equal protection of the law guaranteed by the U.S. Const. Amend XIV, § 1. The trial court denied the application and defendant appealed.

Three months after the notice of appeal was filed in this case a notice of appeal was filed in a similar case by the defendant in State v. Ray Wissler Kite (Mo., 498 S.W.2d 756, disposed of concurrently herewith) involving a similar application and identical constitutional questions. The same counsel represented both defendants and on his motion the cases were consolidated for argument. In order to expedite a decision of constitutional questions important, we trust, to defendant, both cases were thereafter, on the court's own motion, transferred to the court en banc. It was not until after argument and submission en banc, and assignment for opinion, that it was discovered that the court does not have appellate jurisdiction because the notice of appeal in each case was not timely filed. For this reason, we are compelled to dismiss the appeals, late though it may be and after much lost motion by all who have touched the cases.

The order and judgment denying defendant's application was entered April 4, 1972. No motion for new trial was filed, so the judgment became final for purposes of appeal thirty days thereafter, on May 4, 1972. Rules 28.03 [2] and 81.05(a); State v. Gullett, 411 S.W.2d 227 (Mo.1967); State v. Parker, 310 S.W.2d 923, 924 (Mo. 1958). The notice of appeal was filed May 23, 1972, nineteen days after the judgment became final. Rule 81.04 [3] provides "[n]o such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final." This notice of appeal was filed nine days after expiration of the time within which it could be filed with effect.

---

1. References to statutes are to RSMo 1969 and V.A.M.S.

2. References to rules are to Missouri Supreme Court Rules and V.A.M.R.

3. See also: § 512.050, RSMo 1969, V.A.M.S., containing the same provision.

The court said in State v. Robbins, 269 S.W.2d 27, 1. c. 29 (Mo.1954), that "* * * it is settled that the timely filing of a notice of appeal is 'the vital step' for perfecting an appeal and is necessary to invoke appellate jurisdiction. '* * * [I]f the record shows that the notice of appeal was in fact not filed within such time as to have made the appeal effective, this court has no recourse but to say so, no matter how greatly it may be disposed to give a liberal construction to rules and statutes affecting appellate practice and procedure.' Krummel v. Hintz, 222 S.W. 2d 574, 576 [3] (Mo.App.1949)." See also: State v. Gullett, supra; State v. Morrow, 316 S.W.2d 527, 529 [3] (Mo. 1958); McPike v. St. Louis County Bank, 193 S.W.2d 962, 963 [3] (Mo.App.1946); Asher v. Thomas, 360 S.W.2d 957, 958 (Mo.App.1962).

Rule 28.07 [4] recognizes that instances may arise in which the losing party has, without culpable negligence, failed to file a notice of appeal within the time required by Rules 28.03 and 81.04, and provides that upon application to the proper appellate court showing reasonable cause, that court may grant a special order allowing the filing of the notice in the trial court out of time. However, this authority in the appellate court is expressly limited by the rule to "* * * within twelve months from the date of final judgment." No application for a special order was made in this case and the time for filing same has expired.

We considered, as did the court of appeals in Asher v. Thomas, supra, suspension of our rules as authorized by Rule 84.08 so as to permit the late filing of a notice of appeal and a resubmission of these cases, but concluded, as did that court, that suspension would be to no avail because the statutes (§§ 512.050 and 512.-060) would then control what could be done as to the extension of time to file a late notice of appeal and the statutory time limit is more restrictive than the rules.

For the reasons stated, the appeal is dismissed.

All concur.

---

4. See also: § 512.060, ¶ 1, RSMo 1969, V.A.M.S.