Alfred GRIFFIN, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 36341.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Oct. 28, 1975.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City; Brendan Ryan, Circuit Atty., John C. Chancellor, Asst. Circuit Atty., St. Louis, for movant-appellant.

Crouppen, Walther & Zwibelman, Gael T. Infande, St. Louis, for respondent.

McMILLIAN, Judge.

This is an appeal from the judgment of the circuit court of the City of St. Louis denying without an evidentiary hearing appellant's motion to vacate sentence filed pursuant to Rule 27.26, V.A.M.R. Because a timely notice of appeal was not filed, we are without jurisdiction and accordingly dismiss the appeal.

On March 8, 1974, appellant filed a second 27.26 motion pro se in the circuit court. On March 18, 1974, in a written opinion the trial court denied appellant's

motion without conducting an evidentiary hearing. A motion filed under Rule 27.26 is an independent civil action which is governed, as far as applicable, by the Rules of Civil Procedure. Rule 27.26(a); *Lahmann v. State*, 509 S.W.2d 791, 794 (Mo.App.1974). An order overruling a 27.26 motion is deemed a final judgment for purposes of appeal. Rule 27.26(j); *State v. Gullett*, 411 S.W.2d 227, 228 (Mo.1967). Civil Rule 81.05 provides that a judgment becomes final 30 days after its entry, if a motion for new trial is not filed. This rule also requires the notice of appeal to be filed within ten days thereafter to be effective. The judgment of the circuit court on March 18, 1974, denying appellant's motion thus became final for purposes of appeal on April 17, 1974. The appellant had ten days from that date, or until April 27, 1974, to file an appeal. According to the official file of this court, the notice of appeal was not filed until July 1, 1974. The failure to file a timely notice of appeal from the final judgment or order in a 27.26 proceeding deprives the appellate court of jurisdiction to hear this appeal. *State v. Gullett*, supra, at 228; *Johnson v. State*, 521 S.W.2d 479, 480 (Mo.App.1975).

■ We note that in entering its final judgment, the trial court indicated a desire that the judgment be reviewed by a court-appointed attorney and if necessary, appealed. The official record of this court does not disclose when the trial court in fact appointed such counsel. It is possible that counsel was not appointed until after expiration of the time permitted for filing a notice of appeal. Even if this were true, it would not affect our conclusion that we are without jurisdiction. The proper procedure for filing a late notice of appeal is to apply to the appropriate appellate court for a special order. No application for such a special order has been made, and the time for pursuing such a procedure has long since passed.

The failure of appellant's original counsel to file a timely notice of appeal has deprived this court of jurisdiction. The appeal is dismissed.

SIMEONE, P. J., and GUNN, J., concur.