**Dennis OLDS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 36493.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 30, 1975.

Herbert A. Kasten, Jr., Huck, Kasten & LaBeaume, St. Louis, for appellant.

John C. Danforth, Atty. Gen., K. Preston Dean and Timothy J. Verhagen, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty. and Michael C. Sullivan, Asst. Circuit Atty., St. Louis, for respondent.

PER CURIAM.

This is an appeal from a judgment of the circuit court of the City of St. Louis denying appellant's amended motion to vacate sentence filed pursuant to Rule 27.26, V.A. M.R. Because a timely notice of appeal was not filed in this cause, we are without jurisdiction and accordingly dismiss the appeal.

On February 28, 1974, appellant filed his motion to vacate and set aside a judgment sentencing appellant to life imprisonment for the offenses of robbery and murder to run concurrently. Later an amended motion was filed on May 13, 1974.

On July 2, 1974, a hearing was held on the post conviction motion. On July 12, 1974, the court in a written opinion overruled the motion.

The record is unclear as to the exact date a notice of appeal was filed by appellant's counsel. One paper (not a notice) is dated August 26, 1974, but filed September 10,

1974, and the "notice of appeal" is dated September 10, 1974. In either case the notice was not timely filed, and we are without jurisdiction to entertain the appeal.

A motion filed under Rule 27.26 is an independent civil action which is governed, so far as applicable, by the Rules of Civil Procedure. Rule 27.26(a); *Lahmann v. State,* 509 S.W.2d 791, 794 (Mo.App.1974). An order overruling a 27.26 motion is deemed a final judgment for purposes of appeal. Rule 27.26(j); *State v. Gullett,* 411 S.W.2d 227, 228 (Mo.1967). A judgment becomes final thirty days after its entry. Rule 81.05. A notice of appeal must be filed within ten days after the judgment or order becomes final. Rule 81.04. If no notice is filed within the time authorized, no appeal shall be "effective." Rule 81.04. The order of the circuit court entered on July 12, 1974 denying appellant's motion became final August 12, 1974. Taking the earliest date—August 26, 1974—as the date of filing the notice of appeal, the appeal is out of time. The failure to file a timely notice of appeal from a final judgment or order in a 27.26 proceeding deprives this court of jurisdiction to entertain this appeal. *State v. Gullett,* supra, 411 S.W.2d at 228; *Johnson v. State,* 521 S.W.2d 479, 480 (Mo.App.1975); *Griffin v. State,* 529 S.W.2d 665 (Mo.App.1975). Nothing in the record indicates that an application was made to the appropriate appellate court to obtain a special order to appeal. Rule 81.07.

The failure of appellant's original counsel to file a timely notice of appeal has deprived this court of jurisdiction. Hence, the appeal must be and is dismissed.

The appeal is dismissed.

All the Judges concur.