Robert REYNOLDS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 36234.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 30, 1975.

Whitfield, Montgomery & Walton, Rita Montgomery, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Nels C. Moss, Jr., Asst. Circuit Atty., St. Louis, for respondent.

PER CURIAM.

After nine years of incarceration in the Missouri penitentiary, movant filed his Rule 27.26 motion for post conviction relief to set aside his guilty pleas on three counts of first degree robbery and one count of first degree murder. Movant asserts incompetency of counsel as the basis for relief. A thorough evidentiary hearing was held on

movant's motion with the trial court denying his motion for relief. We note that movant's attorney at his guilty pleas and the trial court judges accepting his pleas of guilt and hearing his motion for relief are now deceased.

The trial court's order denying movant's relief is dated June 21, 1973. Movant's notice of appeal is dated May 16, 1974. Movant's appeal is therefore too late for us to consider. We have recently considered the identical situation in *Olds v. State*, 532 S.W.2d 518 (Mo.App.1975), where we said:

"A motion filed under Rule 27.26 is an independent civil action which is governed, so far as applicable, by the Rules of Civil Procedure. Rule 27.26(a); *Lahmann v. State*, 509 S.W.2d 791, 794 (Mo. App.1974). An order overruling a 27.26 motion is deemed a final judgment for purposes of appeal. Rule 27.26(j); *State v. Gullett*, 411 S.W.2d 227, 228 (Mo.1967). A judgment becomes final thirty days after its entry. Rule 81.05. A notice of appeal must be filed within ten days after the judgment or order becomes final. Rule 81.04. If no notice is filed within the time authorized, no appeal shall be 'effective.' Rule 81.04. . . . The failure to file a timely notice of appeal from a final judgment or order in a 27.26 proceeding deprives this court of jurisdiction to entertain this appeal. *State v. Gullett*, supra, 411 S.W.2d at 228; *Johnson v. State*, 521 S.W.2d 479, 480 (Mo. App.1975); *Griffin v. State*, 529 S.W.2d 665 (Mo.App.1975). Nothing in the record indicates that an application was made to the appropriate appellate court to obtain a special order to appeal. Rule 81.07.

"The failure of appellant's original counsel to file a timely notice of appeal has deprived this court of jurisdiction. Hence, the appeal must be and is dismissed."

The appeal is dismissed.

All the Judges concur.