**STATE of Missouri, Respondent,**

v.

**Robert Gene BURROUGHS, Appellant.**

**No. 38201.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 16, 1977.

Motion for Rehearing and/or Transfer
Denied Sept. 12, 1977.

Application to Transfer Denied
Oct. 11, 1977.

John D. Ashcroft, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., James A. Roche, Jr., Asst. Circuit Atty., St. Louis, for respondent.

Robert C. Babione, Public Defender, Mary Louise Moran, Asst. Public Defender, St. Louis, for appellant.

CLEMENS, Presiding Judge.

A jury found defendant Robert Burroughs guilty of first degree robbery. Sections 560.120 and 560.135, RSMo., 1969, VAMS. After denying his motion for a new trial the court, under the Second Offender Act, announced it was sentencing defendant to 15 years' imprisonment to run concurrently with a three-year sentence recently imposed on another charge. The court then set this aside and in its formal judgment ordered the two sentences to run consecutively. Defendant filed an amended motion for a new trial without challenging the amended judgment; our review is therefore limited to plain error. (Rule 27.-20(c)).

As said, the trial court announced a 15-year sentence to run concurrently with a three-year sentence on the prior conviction for assault. Immediately following this the court held a hearing on defendant's motion to appeal as a poor person and defense counsel mentioned there was a rape charge pending against defendant. The court digressed to question both counsel about defendant's background, and then set aside its order for concurrent sentences and formally entered judgment making the 15-year sentence run consecutively to defendant's prior three-year sentence.

The issue raised is whether it was within the trial court's power to increase the originally announced sentence.

■ A trial court has an inherent right to modify its judgment before it has become effective. In *Ex parte Simpson*, 300 S.W. 491[1, 2] (Mo.1927) it was held: "The right of the circuit judge at the same term to set aside its [prior judgment] and to enter a new judgment, before petitioner was taken to the penitentiary, is not and could not well be questioned." For widespread acceptance of this principle see cases at 24 C.J.S. Criminal Law §§ 1587b and 1588.

■ Defendant argues that in entering the formal judgment of consecutive sentences the court impermissibly considered other charged offenses. Bearing in mind that defendant relies on the plain error rule, we have examined the record and find that the trial court did not commit a manifest injustice in ordering the two sentences to run consecutively nor did the consecutive sentencing result in a miscarriage of justice.

In *United States ex rel. Starner v. Russell*, 378 F.2d 808[1] (1967), it was held that vacating a sentence and then resentencing does not constitute double punishment where accused has not begun serving the original sentence. We hold it was within the trial court's power to amend the original judgment when defendant was still in the court's presence and the original judgment had not been put into operation.

We deny defendant's challenge to the judgment and take up his point on denying a mistrial.

■ Defendant contends the trial court improperly overruled his objections to the prosecutor's remarks in closing argument and erroneously denied his motion for mistrial. When a prosecutor stays within the evidence and its reasonable inferences his argument is permissible. *State v. Bolden*, 525 S.W.2d 625[14] (Mo.App.1975). In closing argument counsel may draw non-evidentiary conclusions justified by inferences from the evidence. *State v. Bailey*, 526 S.W.2d 40[5] (Mo.App.1975).

■ Defendant cites an instance where the prosecutor argued that the stolen bicycle was put into the back of defendant's car and "probably they split the money" after selling it. The trial court overruled defendant's objection of "no evidence" and "pure speculations." Defendant argues no witness saw the bicycle in the car nor suggested defendant received the money. The testimony was that defendant's accomplice rode the stolen bicycle away from the scene alongside defendant's automobile; about an hour later a third person was apprehended with the bicycle in his car and told the officer he had paid $20 for the bicycle which had been taken out of defendant's car. The prosecutor's statement was a reasonable inference and proper argument.

Next, the prosecutor's argument, "This is a street robbery—he wants you [defense counsel] to characterize it just a simple little assault," was a reasonable response to defense counsel's attempt to denigrate the offense, as in *State v. Phelps,* 478 S.W.2d 304[9] (Mo.1972). No error here.

Other statements by the prosecutor objected to as not being supported by the evidence were inferences reasonably drawn from the evidence.

Judgment affirmed.

DOWD and SMITH, JJ., concur.