**Daniel W. FOSTER, Jr., Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 61175.**

Supreme Court of Missouri,
En Banc.

Dec. 6, 1979.

S. Gerald Miller, Clayton, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

RENDLEN, Judge.

■ Appellant by petition for writ of error coram nobis [1] seeks to vacate three prior criminal convictions entered on pleas of guilty. Following the trial court's denial of his motion, appellant, out of time, filed his notice of appeal and when challenged by the State, conceded the notice was late.

After opinion in the Court of Appeals dismissing the appeal, we ordered the cause transferred here and consider the case as though on original appeal. Utilizing much of the Court of Appeals opinion without quotation marks, the appeal is ordered dismissed.

■ Though the appeal is dismissed as untimely, our review of the record discloses that the trial court correctly denied the motion on the merits.[2]

■ Turning to the question of jurisdiction, it should be first noted that a writ of error coram nobis is a civil proceeding, *Peterson v. State,* 476 S.W.2d 608, 611 (Mo. 1972), hence the rules of civil procedure govern. The trial court denied appellant's coram nobis petition September 12, 1977, and thirty days later on October 12 that order became a final judgment. Rule 81.-05(a). Ten days later, October 22, 1977, appellant's notice of appeal was due. To effectively appeal the order in this court-tried case, appellant was required to file either a notice of appeal not later than 10 days after the order became final (Rule 81.04), or a motion for new trial not later than 15 days after entry of the judgment (Rule 73.01(1)(c)). Therefore, as noted above, the relevant deadlines would have been 10 days from October 12, 1977, or 15 days from September 12, 1977. However, appellant did not file a motion for new trial until October 24, 1977, and no notice of appeal was filed until December 2, 1977. Further, no Rule 81.07(a) application was made to the Court of Appeals, Eastern Dis-

1. Appellant employed forms prescribed for Rule 27.26 actions (see Rule 27.26 Appendix) for his petition in this action. Because he is not in custody under the judgments sought to be set aside, Rule 27.26 relief is not available to vacate the sentences previously served. *Peterson v. State,* 476 S.W.2d 608, 609–610 (Mo. 1972). The trial court accommodated appellant by treating his petition as one for writ of error coram nobis and we will view that pleading in the same fashion.

2. Appellant claims that his guilty pleas were involuntary in that he was not apprised of his constitutional rights by the trial court. He was represented by counsel during those proceedings and during a period of protracted plea bargaining was informed of the consequences of his plea. Nevertheless he complains the array of rights discussed in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), was not specifically recited and this requires vacation of the judgment and sentences. However, *Boykin* does not mandate that a litany of constitutional rights be read in

guilty-plea proceedings. *McChesney v. Henderson,* 482 F.2d 1101, 1110 (5th Cir. 1973), *cert. denied,* 414 U.S. 1146, 94 S.Ct. 901, 39 L.Ed.2d 102 (1974). We have reviewed the record and it is evident the pleas were voluntarily made. *Schellert v. State,* 569 S.W.2d 735, 738 (Mo. banc 1978). Appellant further claims his sentences were illegally increased. It appears that before the originally announced sentences were finally entered, appellant while still before the court, acceded to an increase of the sentences in exchange for suspended imposition of sentence and probation. Under these circumstances it was within the trial court's power to modify the sentences. *State v. Burroughs,* 559 S.W.2d 42, 43 (Mo.App.1977). *Nichols v. United States,* 106 F. 672, 678 (8th Cir. 1901). Here the trial court found that movant's testimony in the "evidentiary hearing was not worthy of belief" and that no prejudice occurred in the original criminal proceeding. Substantial evidence in the hearing record supports the trial court's finding and conclusion.

trict, the appropriate appellate court, nor was any order granted which would allow the late filing of notice of appeal. Consequently, neither the Court of Appeals nor this Court on transfer has jurisdiction to consider this appeal, and it must be dismissed. *State v. Lindner,* 498 S.W.2d 754, 756 (Mo. banc 1973); *Olds v. State,* 532 S.W.2d 518, 519 (Mo.App.1975); *Griffin v. State,* 529 S.W.2d 665, 666 (Mo.App.1975); *Johnson v. State,* 521 S.W.2d 479, 480 (Mo.App.1975).

Appellant entreats us to consider his appeal ex gratia as done in *Winston v. State,* ·533 S.W.2d 709 (Mo.App.1976). However, the court in *Winston* dismissed the appeal for lack of·appellate jurisdiction and the ex gratia appellate review was fruitless for the appellant.

▮ Appellant contends that he was misled into his untimely appeal when the trial court granted an extension of time to file his motion for new trial beyond the 15 days, which to appellant's dismay cannot be done in a Rule 73.01 non-jury proceeding by reason of Rule 44.01(b). However, we are involved in a jurisdictional matter which cannot be waived, even by consent of the parties. *Corder v. Corder,* 546 S.W.2d 798, 800 (Mo.App.1977). Hence, we are without jurisdiction to entertain the appeal and it is ordered dismissed.

DONNELLY, WELLIVER and MORGAN, JJ., and WELBORN, Special Judge, concur.

BARDGETT, C. J., concurs in result in separate opinion filed.

SEILER, J., concurs in separate concurring opinion of BARDGETT, C. J.

HIGGINS, J., not participating because not a member of the Court when cause was submitted.

BARDGETT, Chief Judge, concurring in result.

I write this opinion concurring in result only, because I am in agreement that this appeal should be dismissed but for reasons quite different than those enunciated in the principal opinion, and because the principal opinion addresses other matters which, in my opinion, ought not be decided in this case.

Foster is serving consecutive sentences of fifteen years upon a conviction of sodomy and twenty years on a conviction of rape. *State v.·Foster,* 490 S.W.2d 659 (Mo.App. 1973); *State v. Foster,* 490 S.W.2d 662 (Mo.App.1973). In each of these cases the trial court assessed the punishment pursuant to the second offender act, § 556.280, RSMo 1969. The second offender act proceedings were premised upon earlier convictions which became the subject of the petition for writ of error coram nobis in this case. Appellant sought, by a procedure in which he utilized the forms prescribed for filing motions under 27.26, but styled them petitions for writ of error coram nobis, to have the earlier three convictions set aside for certain irregularities which he alleged attended the sentencing in those three cases. The matter was heard by the circuit court and relief was denied.

The principal opinion sets forth the facts relating to the request by Foster's counsel for an extension in which to file a motion for a new trial and the granting of that request by the trial judge. Coram nobis is governed by the civil rules. However, it is wholly understandable to me that an attorney might think that since the problem addressed in the coram nobis proceeding is essentially one relating to the conviction of a person who is in the penitentiary, the criminal rules apply. In any event, the judge did grant the extension and so he must have shared the same view. Of course, both the attorney and the judge were mistaken in this regard. But it was not until after six months following the due date for a notice of appeal that the state suggested to the court of appeals that they had no jurisdiction in the matter because the notice of appeal was not filed in time.· The case was argued and submitted in the court of appeals on October 10, 1978, and on October 24, 1978, the appeal was dismissed by opinion. After an unavailing motion for rehearing or transfer in the court of ap-

peals, appellant sought transfer here, which we granted. The case was then briefed and argued in this Court. I am convinced that there is no merit to the substantive points made in the appeal and that if the appeal were entertained the trial court's judgment denying relief should be affirmed. In my opinion, the Court should, sua sponte, consider whether or not to permit this appeal to be maintained under Rule 84.08, which allows a court in which an appeal is pending to suspend or modify the rules in a particular case upon a showing that justice so requires. The circumstances attending the late filing of the motion for a new trial and, consequently, the late filing of the notice of appeal were the result of excusable neglect which would have warranted the late filing of a notice of appeal had the possibility of doing so been brought to the attention of Foster's attorney within the six-month period. However, having considered the entire matter, including the substantive points which have been briefed and argued, I have concluded that petitioner is not entitled to any substantive relief; that the judgment of the circuit court was correct; and therefore justice does not require the suspension or modification of the rules so as to permit the maintenance of this appeal. For these reasons I would dismiss this appeal.

For the reasons stated above, I concur in the result only.