**STATE of Missouri, Respondent,**

v.

**James W. McCARTHY, a/k/a Terry Berger, Appellant.**

**No. 51048.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 2, 1986.

Frank A. Bussmann, Clayton, for appellant.

George R. Westfall, Pros. Atty., Al. W. Johnson, Asst. Pros. Atty., Clayton, for respondent.

CRIST, Judge.

Appeal from a conviction for Trespass First Degree, a class B misdemeanor. Section 569.140, RSMo (1978). The court heard the case without a jury and sentenced defendant to thirty days' imprisonment. We affirm.

Defendant was charged with unlawfully entering the Washington University Olin library on July 1, 1985, knowing such entry to be unlawful. The State had to prove actual, prior communication to defendant that this entry was unlawful. Defendant challenges the sufficiency of State's evidence as to the element of prior communication, asserting such evidence was not believable beyond a reasonable doubt.

Sgt. Finley, Washington University Campus Police, testified prior notice had been given defendant in 1984. In 1984, he had responded to a complaint at Washington University Olin library; encountered defendant and informed him that any subsequent entry onto Washington University property would be trespass. At the time of the July 1, 1985 trespass, Captain Schuchardt recognized defendant as the person involved in the 1984 incident at Olin library.

This court considers the evidence in the light most favorable to the State and accepts as true all evidence and inferences supporting the verdict. *State v. Story*, 646 S.W.2d 68, 72 (Mo. banc 1983); and *State v. Bell*, 692 S.W.2d 313 (Mo.App.1985). We cannot weigh the evidence and decide if we believe defendant guilty beyond a reasonable doubt. Rather, our review is limited to whether any rational trier of fact could find defendant guilty beyond a reasonable doubt. *State v. Nickens*, 701 S.W.2d 478, 486 (Mo.App.1985). Here the evidence was sufficient to support a finding defendant had received actual notice not to return to the Washington University campus.

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.