**STATE of Missouri, Respondent,**

v.

**Robert CHISM, Appellant.**

**No. WD 42964.**

Missouri Court of Appeals,
Western District.

Sept. 25, 1990.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Oct. 30, 1990.

Application to Transfer Denied
Dec. 18, 1990.

Harry D. Bozoian, Moberly, for appellant.

David Alan McAllister, Pros. Atty., Keytesville, for respondent.

Before TURNAGE, P.J., and MANFORD and BERREY, JJ.

PER CURIAM.

A jury found Robert Chism guilty of assault in the third degree, § 565.070, RSMo 1986, and trespass in the first degree, § 569.140, RSMo 1986. The trial court sentenced Chism to a nine-month jail term for the assault and a four-month jail term for the trespass, ordered that those sentences be served consecutively, and imposed a $250 fine on the assault charge. On appeal Chism challenges the denial of his motion to substitute counsel and the sufficiency of the evidence on both convictions. The state has filed no respondent's brief.

We affirm the convictions, but remand for correction of a clerical error in the judgment.

 Point I, relating to the denial of Chism's oral motion for substitution of appointed counsel, was not raised in the motion for new trial, and therefore, has not been properly preserved for appellate review. Rule 29.11(d). Review for plain error reveals no manifest injustice. Counsel's testimony contradicted Chism's claim that counsel had made no preparation for trial. *See State v. Antone,* 724 S.W.2d 267, 273 (Mo.App.1986).

 In Point II, Chism argues that the evidence was insufficient to support his convictions of third degree assault and first degree trespass because no substantial evidence established his presence at the victim's home. He notes that only the testimony of the victim placed him at the crime scene and emphasizes that his alibi evidence showed him to be asleep at a friend's home twenty miles from the scene at the time of the incident.

Chism's argument is meritless. In examining the sufficiency of the evidence, we view all evidence and inferences in the light most favorable to the verdict, and disregard all contrary evidence and inferences. *State v. Wells,* 754 S.W.2d 590, 591 (Mo.App.1988); *State v. McCarthy,* 715 S.W.2d 337, 338 (Mo.App.1986). Under the applicable standard of review, the alibi evidence must not be considered. The victim's testimony alone is sufficient to establish Chism's presence at the crime scene. *See State v. Rodney,* 760 S.W.2d 500, 503 (Mo.App.1988).

 Viewed in the light most favorable to the verdicts, the evidence sufficiently supports both convictions. The record shows that Chism entered the trailer home of his former wife without her invitation or knowledge, and in violation of a court order of protection. Once inside, Chism flourished a knife, threatened the woman with death, knocked her to the floor, and beat her about the head with his fists. As a result, the victim sought hospital treatment for the welts on her face and neck, and the knots on her head. Point II is denied.

We note, sua sponte, a clerical error in the trial court's judgment, which mistakenly denominates the conviction on count two as "Class B misdemeanor of Trespass in 3rd degree." The record clearly shows that Chism was charged with and the jury found him guilty of trespass in the *first* degree, a class B misdemeanor under § 569.140. This error may be corrected by nunc pro tunc order without the necessity of resentencing. *State v. Daniel,* 767 S.W.2d 592, 593–594 (Mo.App.1989); *State v. Owen,* 748 S.W.2d 893, 896 (Mo.App. 1988).

We accordingly affirm both convictions, but remand the cause for correction of judgment by nunc pro tunc order which designates the conviction on count two as "trespass in the first degree."