**STATE of Missouri, Respondent,**

**v.**

**Eddie Joe GUESS, Appellant.**

**No. WD 43400.**

Missouri Court of Appeals,
Western District.

Feb. 19, 1991.

Kay Evans, Columbia, for appellant.

Joe L. Moseley, Pros. Atty., Eva Ensor, Asst. Pros. Atty., Columbia, for respondent.

Before TURNAGE, J., Presiding, and LOWENSTEIN, ULRICH and BRECKENRIDGE, JJ.

LOWENSTEIN, Judge.

The appellant, known by the name of Guess, is really Eddie Joe Louis, and was charged in Boone County with the class B misdemeanors of peace disturbance and trespass. He was found by the court to be guilty of trespass, § 569.140, RSMo 1986, and sentenced to twenty days in jail with credit given for ten days served. The elements of the crime applicable here are knowingly remaining unlawfully in a building.

On February 11, 1990 the appellant went to the Columbia police station. Officer Fagiolo went to the lobby to take his complaint, which was about the mistreatment of Guess's daughter back in 1981. Fagiolo testified Guess was loud and appeared intoxicated, smelling of alcohol. The officer asked him to leave. Guess made threats against the officer and his family, the officer attempted to steer him out, at which point Guess balled up his fist, and the arrest was then made.

At the close of the state's case the court acquitted Guess on the disturbance change. Later, at sentencing the court announced sentence at twenty days on the disturbance count and five days for the trespass. When advised the first count had gone by the wayside at trial, the court then acknowledged the misstatement and pronounced the 20 days, and scratched out the prior docket entry and entered the sentence imposed.

■ The first point on appeal questions the sufficiency of the evidence which consisted of Fagiolo's and Guess' testimony. Guess contends the state did not establish the element of "knowingly" remaining on the premises, after being asked to leave. Fagiolo testified he asked Guess to leave, then opened the door to the outside put his hand on Guess's chest and said, "this way out." Guess remained and stated he was not going to leave, threw his coat on the floor and made a fist. On cross-examination Guess admitted he was asked to leave.

In all the officer made some three attempts to get Guess to leave, so there was sufficient evidence to show a revocation of his privilege to be at the public place. *State v. McCarthy*, 715 S.W.2d 337, 338 (Mo.App.1986). The conduct and testimony of Guess were sufficient to satisfy the element of mental intent as defined in § 562.016.3.

■ The remaining point proclaims once the trial court announced sentence at five days on the trespass count, it was final and the court lacked jurisdiction to change that sentence. As stated earlier, the court simply forgot entering the judgment of acquittal on the other charge. Guess relies on language from *State v. Cooper*, 712 S.W.2d 27, 33 (Mo.App.1986), of a court having the power to "amend an oral pronouncement of sentence only until it is reduced to written judgment." *Cooper* involved the later charge of a docket entry as to sentencing after the court session attended by the defendant. The court in reviewing and ordering entry of the sentence as orally announced said: "A defendant has the right to be present at the time of sentencing...."

Without defendant being present, the trial court had authority to enter only the multiple sentences as orally announced." *Id.*

The same reasoning prevailed in *State v. Burroughs*, 559 S.W.2d 42, 43 (Mo.App. 1977), where the opinion noted, as is the case here, under plain error there was no mandate for a reversal, where in the presence of the defendant, at a separate hearing, the terms of the sentence were changed. The Eastern District held a trial judge has the inherent right to modify a judgment before it became effective, and "before petitioner was taken to the penitentiary ..." *Id.* *Burroughs* went on to say as long as the defendant was still in the court's presence and the "original judgment had not been put into operation," the court could amend the original judgment. *Id.* *See also, Foster v. State*, 590 S.W.2d 912, 913 (Mo. banc 1979).

The points are denied. The judgment is affirmed.