**Kenneth Clay NEWLAND, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 54720.

Supreme Court of Missouri, Division No. 2.

May 11, 1970.

Legal Aid and Defender Society of Greater Kansas City, Kansas City, for movant-appellant; Paul T. Miller, Executive Director, Willard B. Bunch, Chief Defender, Kansas City, of counsel.

John C. Danforth, Atty. Gen., Thomas L. Patten, Asst. Atty. Gen., Jefferson City, for respondent.

PRITCHARD, Commissioner.

On February 13, 1967, appellant, after a conviction of the crime of first degree robbery and the overruling of his motion for new trial, was sentenced to fifteen years imprisonment in the Department of Corrections. Under Supreme Court Rule 27.26, V.A.M.R., he filed his amended motion to set aside the judgment and sentence. The motion was overruled after an evidentiary hearing thereon, and findings of fact and conclusions of law were made.

The only point made on this appeal is that appellant was unconstitutionally deprived of his right of appeal from the original conviction. The resolving of that issue depends upon whether appellant knowingly and voluntarily waived his right of appeal.

Appellant testified that the day after his motion for new trial was overruled, his counsel, Mr. Pierce, talked to him and said he needed $1,500 more for an appeal to pay for transcripts, filing fees and court costs. Appellant told him he did not have the money, "and maybe if he talked to my mother maybe she would have it. I believe he talked to her and she didn't have it, so he did come back up and brought papers up for me to sign and he asked me if I was satisfied with the time because I had an escape rap and I could go down for two

years and the best thing for me to do would be to waive my rights for an appeal, that there was too much heat here in Kansas City." On cross-examination, appellant testified further: "I wanted to appeal at that time but I didn't have the money, and I was under the influence that if I didn't have the money I couldn't get one. I didn't know you could file a motion under a poor person and got it." Appellant believed that he signed a paper Mr. Pierce had given him waiving his right to appeal.

Mr. Lewis Pierce has been a member of the Missouri Bar since 1952 and has specialized in the trial of criminal cases. Appellant's case was tried first by Mr. Shute, Mr. Pierce's partner. Upon motion, a new trial was secured and Mr. Pierce then tried the second case, in which a motion for new trial was also filed but which was overruled. Mr. Pierce had no independent recollection of discussing the possibility of an appeal with appellant, but found in his file appellant's signed statement, witnessed by Deputy Sheriff C. E. Kenny: "I, Kenneth Clay Newland, hereby requests that my attorney, Lewis E. Pierce, not file a Notice of Appeal with respect to my recently imposed fifteen year sentence." The paper was prepared by Mr. Pierce in his handwriting on the back of a jail form. Mr. Pierce further had the memorandum: "On February 23, in Division 8 of the Circuit Court of Jackson County, presided over by the Honorable Paul A. Buzard, defendant, Kenneth Newland, on the record, stated that he did not wish his attorney, Lewis E. Pierce, to file a Notice of Appeal with respect to the recently imposed fifteen year sentence." Mr. Pierce did recall that appellant had an additional "escape rap" with a two-year sentence that was allowed to run concurrently with the robbery charge. He might have discussed the cost of appeal with appellant, but did not recall it, and could not contradict appellant's testimony, but "As I recall it, Kenneth didn't want to do any additional time on the escape rap." If appellant had wanted an appeal, Mr. Pierce could have filed the notice, "That wouldn't have cost me any money, I would have been happy to." "There have been times, sir, in order to protect the defendant's rights, you file a Notice of Appeal, and then advise them, as we always do—I can't remember what I advised him of, but if they don't have the money, we advise them of the Public Defender's system set up and that he had a right to appeal as a pauper. Ken said I didn't tell him that. Maybe I didn't. I am human, but normally I do." Mr. Pierce was aware that the Public Defender was available to appellant, having sat every Thursday when the Public Defender was appointed in many cases.

There are a number of cases holding that a waiver of a person's constitutional right must have been given voluntarily, knowingly, and intelligently, "and the person must have been sufficiently informed as to the extent of the rights which he is purportedly waiving." Anno. 18 L.Ed.2d 1420, 1434, § 8. See Swenson v. Bosler, 386 U.S. 258, 260, 87 S.Ct. 996, 998, 18 L.Ed.2d 33, 36, relating to the right of counsel on appeal, where it was said, "When a defendant whose indigency and desire to appeal are manifest does not have the services of his trial counsel on appeal, it simply cannot be inferred from defendant's failure specifically to request appointment of appellate counsel that he has knowingly and intelligently waived his right to the appointment of appellate counsel." In Russell v. Peyton, 207 Va. 469, 150 S.E.2d 530, the petitioner in habeas corpus testified that he asked his court-appointed attorney about taking an appeal and was told that he could not appeal because he did not have the money to make up the record. Counsel conceded it to be possible that he said something to petitioner about not having money to prepare the record. The court held that this evidence showed that Russell was *incorrectly* informed that he could not appeal without funds. See also Clark v. Peyton, 207 Va. 444, 150 S.E.2d 533.

It is clear from this record that in addition to the conviction for first degree robbery appellant had pending against him a

charge of escape. That escape charge was discussed between appellant and Mr. Pierce. Appellant testified that counsel advised him the best thing to do was to waive his right of appeal in view of the escape charge, the sentence for which was ordered to run concurrently with that of the robbery, resulting in appellant not being required to serve additional time. The matter of serving additional time on the escape charge was of concern to appellant, and whether its disposition favorable to him was the impelling motive for signing the waiver of right of appeal or whether it was for the reason that appellant was ignorant of his right to appeal as a poor person was for the trial court to determine. In this connection, although Mr. Pierce was unable to contradict appellant's lack of knowledge of availability to him of the Public Defender for appeal, his testimony is not without some probative force on that fact. Note that Mr. Pierce's testimony was to the effect that in his extensive criminal practice it was his normal custom to advise defendants desiring to appeal of the "Public Defender's system set up and that he had a right to appeal as a pauper." Limited to its application to the facts of this case, the statement in 32 C.J. S. Evidence § 581, p. 710, is relevant: "Evidence of a course of conduct or dealing may be admitted where pertinent to an issue in the case. Thus, when, in the opinion of the court, a course of conduct or dealing on the part of a given individual is established as to render its continuance to the time involved in the issue probable, its existence may be used as evidence that he acted in accordance with it on a particular occasion, provided such course of conduct is shown to have been continuous and systematic, and that the conditions in the particular case are the same as, or similar to, those to which the custom is applicable." The court was not required to believe appellant's claim that he did not know that he could appeal as a poor person, State v. Hamel, Mo., 420 S.W.2d 264, 267 [3, 4], especially in view of Mr. Pierce's testimony, and the further fact in connection

therewith that appellant wanted to avoid an additional sentence for the escape conviction as a reason for expressly waiving his right of appeal. Viewed in the totality of the facts, the trial court's findings and conclusions are not clearly erroneous. Supreme Court Rule 27.26(j), V.A.M.R.; Crosswhite v. State, Mo., 426 S.W.2d 67.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

DONNELLY, P. J., MORGAN, J., and JENSEN, Special Judge, concur.

FINCH, J., not sitting.