**Kenneth Clay NEWLAND, Petitioner-Appellant,**

v.

**E. E. HAYNES, Superintendent, Respondent-Appellee.**

**No. 20635.**

United States Court of Appeals, Eighth Circuit.

June 30, 1971.

Harvey McCormick, Legal Aid & Defender Society of Greater Kansas City, Kansas City, Mo., filed on for appellant.

John C. Danforth, Atty. Gen., and J. Michael Jarrard, Asst. Atty. Gen., Jefferson City, Mo., on brief for appellee.

Before GIBSON and ROSS, Circuit Judges, and EISELE, District Judge.

PER CURIAM.

This is an appeal from the denial of Newland's petition for a writ of habeas corpus. We affirm.

In February of 1967, Newland was convicted of first degree robbery under the Missouri Habitual Criminal Act in the Circuit Court of Jackson County, Missouri and was given a sentence of fifteen years. No appeal was taken from this conviction. Shortly thereafter he was given a two-year concurrent sentence, after pleading guilty to escape from custody after conviction.

On December 21, 1967, Newland filed a motion, and on July 16, 1968, he filed an amended motion to set aside the judgment and the fifteen year sentence under Rule 27.26 of the Missouri Supreme Court, V.A.M.R. He alleged, among other things, that he "was denied the statutory right of direct trial court appeal" and "the affective [sic] assistance of Counsel upon direct trial court appeal" both in violation of the Missouri Bill of Rights and the sixth and fourteenth amendments to the Constitution of the United States. On November 22, 1968 a hearing was held on this motion in the Circuit Court of Jackson County,

Missouri, during which Newland, Mr. Lewis, his retained attorney at the time of trial, and Detective Earl Horner testified.[1]

■■ The only point raised on the appeal to the Missouri Supreme Court and the only point raised in the petition for habeas corpus filed in this case in federal district court relates to the failure of Newland's attorney to appeal the original robbery conviction and whether or not Newland legally waived his right to appeal that conviction. The state trial court, the Missouri Supreme Court,

and the federal district court, after considering the facts adduced at the hearing on November 22, 1968, and summarized in footnote 1, each held that Newland made a knowing and voluntary waiver of his right to appeal. We agree.

There can be no question that an indigent accused is constitutionally entitled to counsel to represent him in his appeal from a state court conviction. Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.

---

1. The testimony of Newland and Mr. Lewis Pierce is properly summarized by the Supreme Court of Missouri in its printed opinion on oppeal. Newland v. State, 454 S.W.2d 21, 22 (Mo.1970). The pertinent portions thereof are as follows:

"Appellant testified that the day after his motion for new trial was overruled, his counsel, Mr. Pierce, talked to him and said he needed $1,500 more for an appeal to pay for transcripts, filing fees and court costs. Appellant told him he did not have the money, 'and maybe if he talked to my mother maybe she would have it. I believe he talked to her and she didn't have it, so he did come back up and brought papers up for me to sign and he asked me if I was satisfied with the time because I had an escape rap and I could go down for two years and the best thing for me to do would be to waive my rights for an appeal, that there was too much heat here in Kansas City.' On cross-examination, appellant testified further: 'I wanted to appeal at that time but I didn't have the money, and I was under the influence that if I didn't have the money I couldn't get one. I didn't know you could file a motion under a poor person and got it.' Appellant believed that he signed a paper Mr. Pierce had given him waiving his right to appeal.

"Mr. Lewis Pierce has been a member of the Missouri Bar since 1952 and has specialized in the trial of criminal cases. Appellant's case was tried first by Mr. Shute, Mr. Pierce's partner. Upon motion, a new trial was secured and Mr. Pierce then tried the second case, in which a motion for new trial was also filed but which was overruled. Mr. Pierce had no independent recollection of discussing the possibility of an appeal with appellant, but found in

his file appellant's signed statement, witnessed by Deputy Sheriff C. E. Kenny: 'I, Kenneth Clay Newland, hereby requests that my attorney, Lewis E. Pierce, not file a Notice of Appeal with respect to my recently imposed fifteen year sentence.' The paper was prepared by Mr. Pierce in his handwriting on the back of a jail form. Mr. Pierce further had the memorandum: 'On February 23, in Division 8 of the Circuit Court of Jackson County, presided over by the Honorable Paul A. Buzard, defendant, Kenneth Newland, on the record, stated that he did not wish his attorney, Lewis E. Pierce, to file a Notice of Appeal with respect to the recently imposed fifteen year sentence.' Mr. Pierce did recall that appellant had an additional 'escape rap' with a two-year sentence that was allowed to run concurrently with the robbery charge. He might have discussed the cost of appeal with appellant, but did not recall it, and could not contradict appellant's testimony, but 'As I recall it, Kenneth didn't want to do any additional time on the escape rap.' If appellant had wanted an appeal, Mr. Pierce could have filed the notice, 'That wouldn't have cost me any money, I would have been happy to.' 'There have been times, sir, in order to protect the defendant's rights, you file a Notice of Appeal, and then advise them, as we always do—I can't remember what I advised him of, but if they don't have the money, we advise them of the Public Defender's system set up and that he had a right to appeal as a pauper. Ken said I didn't tell him that. Maybe I didn't. I am human, but normally I do.' Mr. Pierce was aware that the Public Defender was available to appellant, having sat every Thursday when the Public Defender was appointed in many cases."

2d 811 (1963). The only question in this case is whether or not Newland's waiver of his right to appeal was knowingly, voluntarily and intelligently made.

In reaching the conclusion that Newland did knowingly, voluntarily and intelligently waive his right to appeal, we have considered the entire record of the November 22, 1968 hearing in the Circuit Court of Jackson County, Missouri, the opinion of the Supreme Court of Missouri and the order entered by Judge Collinson in the Federal District Court for the Western District of Missouri. We conclude that in view of the written waiver signed by Newland, and the testimony of his qualified and experienced retained attorney to the effect that Newland advised both his attorney and the trial court that he did not wish to appeal, that the findings by the federal district court are not clearly erroneous and should be affirmed.[2]

Judgment affirmed.

---

2. On appeal petitioner raises the additional argument that "[t]he purported waiver of a right to appeal in consideration for a reduced sentence is constitutionally impermissible." There is no evidence in any of the records to indicate that the state trial court gave a reduced or concurrent sentence in consideration of Newland's waiver of his right to appeal and is considered by this court to be completely lacking in merit.