**John ROLFES, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 39842.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 5, 1978.

Frank J. Kaveney, Clayton, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Joseph Beatty and Mike W. Flynn, Asst. Pros. Attys., Clayton, for respondent.

CLEMENS, Judge.

John Rolfes (hereafter "defendant") has appealed the trial court's judgment denying his Rule 27.26 motion to vacate sentence following an evidentiary hearing. The pertinent ground raised in the motion is that defendant's guilty plea was not voluntarily and intelligently made because he was not informed, and did not then know, of his trial right to avoid self-incrimination by remaining silent.

Defendant, a 22-year-old first-time offender, pled guilty to stealing over fifty dollars, sale of a controlled substance and tampering with a motor vehicle. Before accepting his pleas, the trial court determined they were voluntary, established their factual basis, informed defendant of his rights to a trial by jury and to bring in witnesses; that the trial court alone set sentences and was not bound by counsel's recommendations. The court imposed a ten-year sentence for stealing over fifty dollars, to run concurrently with a ten-year sentence for sale of narcotics and with five years for tampering with a motor vehicle.

At his evidentiary hearing defendant testified that the trial court had accepted his guilty pleas without him being aware of his right to remain silent and avoid self-incrimination. There is nothing in the guilty-plea record to show that either the court or defendant's attorney had so advised him. His counsel at the guilty-plea proceeding was examined at length at the evidentiary hearing about whether he had informed defendant of his rights. He had no recollection of ever telling defendant he did not have to testify at his own trial. In denying defendant's Rule 27.26 motion the trial court entered the following order:

"Movant's motion 27.26 under Supreme Court rule called. Parties present. Testimony heard and evidence produced and adduced. Cause having been submitted to this court, the court finds as a matter of fact, and as its conclusions of law that:

(1) Movant's pleas of guilty were voluntarily, intelligently and understandably made;

(2) That movant was satisfactorily represented by counsel;

(3) That movant's pleas of guilty were not the product of unkept promises. That, in fact, no promises, threats, coercion or evidence of duress were presented, and the court concludes that there were no such threats, promises, coercion, duress.

(4) That the sentence imposed was done in a proper procedural manner;

(5) That allocution was granted;

(6) That the trial court had jurisdiction, there being valid indictments and information in cause No. 379299;

(7) The office of probation and parole's report was made available to the movant's attorney prior to entry of the plea and sentencing, and opportunity was given to the movant to rebut, correct, amend or otherwise change the office of probation and parole's report. It is the court's understanding of his responsibility that the decision of whether or not an individual is granted probation is solely within the sound discretion of the court and that this court exercised such reasonable and sound discretion in denying probation."

Other than conclusory paragraph (1) above the court did not find against defendant's essential contention that he was ignorant of his right to remain silent and thereby avoid self-incrimination.

■ To insure that the appellate court has a sufficient record before it, Rule 27.-26(i) requires that the hearing court make findings of fact to support its conclusions of law. *Mikel v. State,* 528 S.W.2d 796 (Mo. App.1975). Here, the trial court's recital that defendant's pleas of guilty were "voluntarily, intelligently and understandably

made" is not supported by factual findings which a trial court must make in order to reach a conclusion of law. While appellate courts have been lenient with the requirement in Rule 27.26(i) when the basis for the trial court's holding is apparent from the record, (*Smith v. State*, 513 S.W.2d 407[7] (Mo. banc 1974), we are now confronted with a situation where nothing in either the evidentiary record or the court's findings refutes defendant's testimony that he pled guilty in ignorance of his right against self-incrimination.

A similar situation was presented in *State v. Olds*, 569 S.W.2d 745[1-3] (Mo. 1978), holding "the trial court's findings on essential factual issues must . . . be 'ascertainable from the record.'" The court added: ". . . in the absence of the trial court's finding that it disbelieved defendant's testimony regarding requests for an attorney and to remain silent, we cannot find that the record supports the finding that the waiver and subsequent statements were voluntary. The only evidence on the subject was defendant's unrefuted testimony which stands contrary to such a conclusion. The trial judge could disbelieve defendant and find his testimony incredible, but he made no finding to that effect and the state made no effort to refute by Koenig or any other witness defendant's affirmative testimony in the suppression hearing." Applying this principle here, we find that defendant, in making the critical choice between pleading guilty or standing trial did so in ignorance of his trial right to avoid self-incrimination.

Supreme Court Rule 25.04 states the trial court shall not accept "[a] plea [of guilty] without first determining that the plea is made voluntarily with understanding of the nature of the charge." The test is not a particular ritual or whether each and every detail is explained to a defendant, but whether in fact the plea is voluntarily and intelligently made. *Baker v. State*, 524 S.W.2d 144[1-3] (Mo.App.1975). Rule 25.04 requires that a defendant be advised of the *consequences* of his plea of guilty. *Jackson v. State*, 548 S.W.2d 624[3] (Mo.App.1977),

and *State v. Connor*, 500 S.W.2d 300[3] (Mo. App.1973), relying on *State v. Blaylock*, 394 S.W.2d 364, l.c. 367 (Mo.1965). Here there is no indication whatever that defendant, when pleading guilty, comprehended his constitutional right on trial to remain silent and avoid self-incrimination. The decision of an accused person to plead guilty or to stand trial is undeniably critical; when he is accused, he must make that choice. Among the fundamental factors in making such a choice intelligently is his knowledge that at trial he cannot be compelled to incriminate himself. Here, there is nothing in the record to refute defendant's contention that in pleading guilty he was ignorant of this fundamental right, the knowledge of which was essential for him to make an intelligent choice to plead guilty or not guilty. We hold therefore that defendant, being unaware of his fundamental trial rights, did not knowingly and understandingly plead guilty.

The case is reversed and remanded to the trial court with instructions to set aside defendant's guilty pleas.

REINHARD, P. J., and GUNN, J., concur.