Claude Junior BATYE, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 30531.

Missouri Court of Appeals,
Western District.

May 5, 1980.

Edward P. Cleary, Marshall, for appellant.

John Ashcroft, Atty. Gen., and Jerry Short, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P. J., and PRITCHARD and SWOFFORD, JJ.

KENNEDY, Presiding Judge.

Convict Claude Junior Batye appeals the trial court's judgment denying his Rule 27.-26 motion for relief from his April 13, 1979 conviction of sodomy. The conviction was based upon his plea of guilty to the charge.

The prisoner's grounds for relief which are stated in his motion and which are carried forward in his brief in this court are as follows: That the trial court did not determine, before accepting the same, that defendant's guilty plea was voluntary and that defendant understood the nature of the charge against him; and that he was denied effective assistance of counsel, in that counsel was only "an agent for plea bargaining" and did not assist movant in making an intelligent and informed plea,

and his counsel did not explore the possibility of a mental examination "after suggestion of mental aberration". The prisoner also claims that the court erred in denying his motion to suppress the record of the guilty plea hearing, which was not taken down and transcribed by a certified court reporter as required by Supreme Court Rule 25.04.

*Record of guilty plea proceeding; credentials of court reporter; best evidence rule.*

We will first take up the prisoner's complaint about the record of the guilty plea proceeding, which he says should have been suppressed by the trial court and should not have been allowed to be used in the Rule 27.26 evidentiary hearing. For reasons which we will explain in the succeeding paragraphs, we agree with the trial court that the record was properly admitted and we therefore reject this complaint of the prisoner.

The guilty plea proceedings were taken down in shorthand notes by Harriet Martin who was a secretary for the prosecuting attorney, Mr. Rick Wilson. At the same time, the proceedings were recorded on tape by means of a tape recording machine placed upon the judge's bench and operated by Mr. Wilson. The proceedings were afterwards typed into a written transcript by Ms. Martin, using her shorthand notes and the tape recording. The transcript was typed within six days of the day of the guilty plea proceedings. Ms. Martin testified to the clarity of the voices on the tape. She was familiar with the voices of all the speakers except the defendant, Mr. Batye. Ms. Martin and Mr. Reid, the attorney who had represented Mr. Batye on the guilty plea proceeding, and the convict himself, all testified affirmatively that the transcript was an accurate record of the guilty plea proceeding. There was no evidence to the contrary.

No objection was made at the time of the guilty plea proceeding to the absence of a court reporter or to the method used in recording the proceeding.

Judge Cook's official court reporter had suffered a heart attack on January 15, 1977, and had not returned to his work when this plea was taken up April 13, 1977. During that period of time, there were many guilty plea proceedings—one witness estimated 25 —which were recorded by the same means as that used in the Batye case.

■ Supreme Court Rule 14.07 provides for the appointment of a temporary reporter. The temporary reporter, in case of the illness of the official court reporter, "shall perform the same duties . . . as provided for the regular reporter for the time served by the appointee as temporary reporter . . ." Such temporary reporter is not required to be a certified court reporter. It is ultimately the responsibility of the judge to see to it that the record of proceedings in his court is faithfully kept. Ms. Martin was seated in the court reporter's chair and was taking shorthand notes of the guilty plea proceedings, in the sight and hearing of the judge. She was the "temporary court reporter" contemplated by Rule 14.07. She was at least the court reporter de facto. Her acts have the same validity as those of the regular permanent court reporter appointed by the circuit judge under § 485.040. Even if there were some infirmity in her title to the office of court reporter, it would not make her official acts vulnerable to collateral attack by the convict in this proceeding. Only the state would have standing to challenge her title to her office. *State v. King*, 379 S.W.2d 522, 525 (Mo.1964); *State v. Mitchell*, 267 S.W. 873, 875[2] (Mo.1924); § 485.-040.1, RSMo 1978.

■ The transcript prepared by Ms. Martin is not, as the movant here contends, subject to the best evidence rule. Its proponent is not required to show, before the transcript can be admitted, that the stenographic notes and the tape are unavailable. Having prepared the transcript in accordance with what is now Rule 24.03, then Supreme Court order of February 22, 1972, appended to Rule 25.04, the transcript becomes admissible evidence. It does not need to be identified—although in this case it was identified by the testimony of Ms. Martin—because the court may take judicial notice of its own records and files.

We do not mean to endorse the use of the prosecuting attorney's secretary as court reporter in a criminal case. The court reporter is to be entirely impartial. The convict does not attack the record on that ground, though, and in the circumstances of this case it gives him no basis for relief.

*Guilty plea as voluntary, intelligent and knowing.*

Defendant then says in his brief "that the record fails to show that the trial court determined prior to accepting defendant's guilty plea that the plea was voluntary and that the defendant understood the nature of the charge against him".

■ It is true that the court did not announce a specific finding that the defendant's plea was voluntary and that the defendant understood the nature of the charge against him. However, after a very general inquiry by the court into the voluntariness of the defendant's plea of guilty, the court, apparently satisfied that the defendant's plea of guilty was voluntary, announced: "All right, I am going to accept your guilty plea". The court's finding that the defendant's plea of guilty was knowingly and voluntarily made is presumed without his having made a specific finding on that point. As to "the nature of the charge", there was testimony in the Rule 27.26 hearing from which the court could find that the convict fully understood the meaning of the term "sodomy" and fully understood the acts with which he was accused as constituting that offense. His court-appointed attorney in the sodomy case, Mr. Reid, so testified in the Rule 27.26 hearing. Mr. Reid had gone over with the prisoner the written statements of the witnesses, which described in vivid and revolting detail the crime of which he was accused.

Defendant, citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), complains in his brief that he was not informed, in the guilty plea hearing,

that by pleading guilty he was waiving his constitutional right to confront his accusers, and that this failure so to advise him entitles him to withdraw his guilty plea.

▮▮▮ The guilty plea record in this case is hasty and perfunctory. We are not, however, confined to that record. We may look beyond it to the evidence adduced in the Rule 27.26 hearing, to decide the ultimate inquiry whether the defendant's guilty plea was understandingly, intelligently and voluntarily made. *Winford v. State*, 485 S.W.2d 43 (Mo.banc 1972); *State v. Mountjoy*, 420 S.W.2d 316 (Mo.1967); *Barber v. State*, 535 S.W.2d 122 (Mo.App.1976). It is not required, in order to satisfy the standards of *Boykin*, that the constitutional rights there enumerated—including the right to confront one's accusers—be articulated to the defendant at the guilty plea hearing. *Foster v. State*, 590 S.W.2d 912, 913 n. 2 (Mo.banc 1979); *Carter v. State*, 472 S.W.2d 370 (Mo.1971); *Wilkins v. Erickson*, 505 F.2d 761, 763 (9th Cir. 1974); *Todd v. Lockhart*, 490 F.2d 626, 628 n. 1 (8th Cir. 1974); *United States v. Frontero*, 452 F.2d 406, 415 (5th Cir. 1971). The court found as a fact that the prisoner at the time of his guilty plea was "very well aware of his constitutional rights including all aspects of a jury trial". We have concluded that the evidence supports the finding of the court. The prisoner was 20 years old at the time of the guilty plea. He had completed the tenth grade in school. He had served two jail terms prior to this charge, one of a year's length and one of 30 days. In the guilty plea proceeding he was specifically advised by the court that he did not have to plead guilty and that he was entitled to a jury trial. There was evidence from which the court could find that he understood the nature of the charge—that is, the acts which constituted the crime—and the consequences of his guilty plea. The state had agreed to dismiss two pending felony charges, to desist from filing two others, and to recommend seven years' imprisonment upon a guilty plea to the sodomy charge. The court adopted the recommendation. The convict said in the Rule 27.26 hearing that he had been in court numerous times—we take it to have been in connection with the present and earlier charges—and had been advised of his "rights". He had had at least three conferences with his court-appointed attorney before he entered his plea of guilty.

▮▮ We cannot say the court erred in rejecting the prisoner's claim that he entered his plea of guilty without knowing that in a jury trial he had a right to cross-examine the witnesses against him and that he waived the right by pleading guilty, and in finding rather that the guilty plea was understandingly and knowingly made. *Cf. Rolfes v. State*, 574 S.W.2d 948, 950 (Mo. App.1978).

▮▮ It is ultimately the burden of the prisoner to persuade the court of the truth of the allegations in his Rule 27.26 motion. *Carter v. State, supra.* The court was not obliged to believe the convict's bald assertion that he did not know of his right to confront his accusers and that he was waiving that right by pleading guilty. The circumstances justify the court's disbelief of his testimony. *State v. Conner*, 500 S.W.2d 300, 303 (Mo.App.1973).

*Ineffectiveness of counsel; failure to secure mental examination.*

▮▮▮ The prisoner's complaints about his counsel's ineffectiveness are, first, that "the only service performed by counsel was that of an agent for plea bargaining", and, second, that counsel "failed to explore the possibility of a mental examination after suggestion of mental aberration". The trial court in the Rule 27.26 hearing found, after hearing the evidence, that the prisoner's allegations of ineffectiveness of counsel were groundless. The trial court's finding on this point is well supported by the evidence. The prisoner's court-appointed attorney, Mr. Reid, had at least three interviews with the prisoner during the pendency of the criminal charge to which he pleaded guilty, resulting in the conviction now sought to be set aside.

▮▮▮ The convict says a mental examination was called for by the nature of the

offense. But the nature of the offense with which the convict was accused does not necessarily indicate a mental disease excluding responsibility. *Jones v. State*, 564 S.W.2d 933, 935 (Mo.App.1978). Mr. Reid testified: "I didn't feel it (a mental evaluation) was justified in any way, shape or form." An attorney is guilty of no dereliction of duty because he does not pursue some line of defense which offers no slight prospect of success. *Chapman v. State*, 506 S.W.2d 393 (Mo.1974); *Floyd v. State*, 518 S.W.2d 700, 704 (Mo.App.1975).

Mr. Reid went over with the prisoner the statements of the victim and other witnesses and co-defendants, and personally interviewed one of the witnesses. The statements of the witnesses, which were in substantial agreement, described a particularly brutal and depraved crime against a fellow inmate in the jail. Very likely no better service could have been rendered the defendant than to negotiate a plea bargain which resulted in a sentence of seven years upon a plea of guilty, with a dismissal of other charges pending against the defendant. The prisoner's ineffectiveness of counsel argument is without merit.

The judgment is affirmed.