**James Earl POINTER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 44155.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 14, 1982.
Rehearing Denied Oct. 15, 1982.

William E. Albrecht, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Movant in this Rule 27.26 proceeding was convicted on his guilty pleas in May, 1978, of (1) assault with intent to maim with malice aforethought, § 559.180, RSMo.1969, (2) robbery in the first degree, § 560.120, RSMo.1969, and (3) in conjunction with the robbery, armed criminal action, § 559.225, RSMo.Supp.1976 (now § 571.015, RSMo. 1978). He was sentenced to serve concurrent terms of ten, twenty-five, and five years, respectively, with the Department of Corrections.

After an evidentiary hearing, the trial court ordered the armed criminal action sentence vacated as required by *Sours v. State,* 593 S.W.2d 208 (Mo.banc 1980), holding that convictions of armed criminal action and of the underlying felony of first degree robbery violate the Double Jeopardy Clause of the United States Constitution. Otherwise, movant's Rule 27.26 motion was denied. We affirm.

Movant first contends we should remand the case for findings of fact and conclusions of law on all issues presented, claiming a deficiency in the trial court's order in that respect. Rule 27.26(i). A remand is not required. Movant alleged three grounds for post-conviction relief. The first was he was unaware when he pled guilty of his trial right to invoke his Fifth Amendment privilege against compulsory self-incrimination, and that his guilty pleas were therefore not knowingly and understandingly (*i.e.,* voluntarily) made under Rule 25.04, in effect when these guilty pleas were accepted. That claim is iterated here and we will presently review it on its merits. We need only note at this juncture the trial court's finding that the evidence "sufficiently proves that Movant was informed as to his right to remain silent if his cause was tried to a jury upon evidence adduced from both attorneys of Movant" suffices to provide a basis for appellate review and so satisfies Rule 27.26(i). *Smith v. State,* 513 S.W.2d 407, 412 (Mo.banc 1974). Movant prevailed on his second ground for relief and does not request we review it. His third was that the sentencing court "imposed and enhanced punishment ... by considering an invalid charge which placed movant in double jeopardy." Assuming the allegation even states grounds for relief, a doubtful matter at best, see: *Ventimiglia v. State,* 639 S.W.2d 213, 214 (Mo.App.1982), no evidence in support thereof was adduced at movant's hearing and so no specific findings and conclusions were required. *Haynes v. State,* 561 S.W.2d 450, 451 (Mo. App.1978).

Movant's main point asserts the involuntariness of his guilty pleas under the since-repealed Rule 25.04, which provided in its pertinent part:

The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge.

We held in *Rolfes v. State,* 574 S.W.2d 948, 950 (Mo.App.1978) that a guilty plea is involuntary under the rule if made in ignorance of one's trial right to avoid self-incrimination. The only question remaining is whether movant knew he had that right at the time he pled guilty.

■ Movant argues that absent an admission by him that he knowingly waived his right against self-incrimination at trial, evidence of the waiver must appear in the transcript of the guilty plea proceedings and be in the form of his responses to specific questions posed by the judge or prosecuting attorney. But the Supreme Court held in *Flood v. State,* 476 S.W.2d 529, 533 (Mo.1972) that in determining whether a guilty plea was voluntary under Rule 25.04:

The trial court is not limited to a consideration of what was in fact said and done at the time the pleas were accepted. Nor is the court limited to the record made at the time ... [T]he trial court may consider also the evidence produced at the hearing on the motion to vacate the judgment.

A corollary to that rule is the more specific one, that a constitutionally valid guilty plea under the former rule did not depend on a litany of rights and waivers appearing in the transcript of the guilty plea hearing. *See: Foster v. State,* 590 S.W.2d 912, 913 n. 2 (Mo.banc 1979); *Batye v. State,* 599 S.W.2d 231, 235 (Mo.App.1980). The guilty plea's validity turns on whether movant knew at that hearing that he had those rights and that his guilty plea waived them—and it is enough if he had been informed thereof by counsel. *See: North Carolina v. Alford,* 400 U.S. 25, 29 n. 3, 91 S.Ct. 160, 163 n. 3, 27 L.Ed.2d 162 (1970);

*Newland v. State,* 454 S.W.2d 21, 22, 23 (Mo.1970).

Private counsel represented movant on the assault charge, and he was represented by counsel with the Public Defender's office on the robbery/armed criminal action charges. Both attorneys appeared with movant when he pled guilty, and both testified at the Rule 27.26 hearing. Neither could contradict movant's professed ignorance at his guilty plea hearing of his right to remain silent at trial, as neither had more than the vaguest recollection of movant or of the particulars of representing him. Both, however, had had substantial experience as defense attorneys in criminal cases when movant's guilty pleas were entered, and both attorneys testified it was their practice to advise clients of the rights a guilty plea waives, including the right of which movant claims he was ignorant.

■ Counsels' testimony is not without probative force.

"[W]hen ... a course of conduct or dealing on the part of a given individual is established as to render its continuance to the time involved in the issue probable, its existence may be used as evidence that he acted in accordance with it on a particular occasion...."

*Newland v. State,* 454 S.W.2d at 23 *quoting* 32 C.J.S. Evidence § 581, at 710 (1964). Counsels' testimony does not compel the conclusion movant wittingly waived his trial right against self-incrimination when he pled guilty. But then, neither is that conclusion from that evidence clearly erroneous. Rule 27.26(j).

Order affirmed.

REINHARD, P.J., and SNYDER, J., concur.