**Gregory FOREST, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 58763.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 26, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 23, 1991.

Application to Transfer Denied
July 23, 1991.

Earlyne M. Thomas, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

**PUDLOWSKI, Presiding Judge.**

Movant, Gregory Forest, pled guilty on October 23, 1989, to: (1) three counts of robbery in the first degree, § 569.020,[1] (2) three counts of attempted robbery in the second degree, §§ 564.011, 569.030, and (3) one count of robbery in the second degree, § 569.030. Movant was sentenced to an aggregate total of thirty years imprisonment.

On January 5, 1990, movant filed a timely and verified *pro se* motion to vacate his judgment and sentence pursuant to Missouri Supreme Court Rule 24.035,[2] along with a request for an evidentiary hearing. Thereafter, counsel was appointed on January 23, 1990 and filed a timely and verified amended motion on March 22, 1990. On June 18, 1990, the motion court set forth its findings of fact, conclusions of law and order denying movant's Rule 24.035 motion without an evidentiary hearing. Movant now appeals. We affirm.

Appellate review of a motion court's ruling on a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(j); *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied sub nom.*, *Walker v. Missouri*, —— U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). The findings, conclusions and judgment of the motion court will be deemed clearly erroneous only if, after reviewing the entire record, a mistake has been made. *Id.* at 695–696.

Movant first asserts that the motion court erred by relying heavily on movant's statement at the taking of his guilty plea, in holding that movant was afforded effective assistance of counsel. After a guilty plea, the effectiveness of counsel is material only to the extent it bears on the voluntariness of the plea. *Thompson v. State*, 779 S.W.2d 666, 667 (Mo.App.1989).

Movant alleges that the motion court's reliance on the plea transcript was misplaced because movant had, earlier on that same day, expressed his displeasure to the plea judge with his trial counsel's performance. On May 1, 1990, movant filed an "Affidavit of Information" declaring that his plea transcript of October 23, 1989, was not complete in that it did not contain the colloquy that occurred prior to the taking of his formal plea as evidenced by the plea transcript beginning at 10:46 a.m. The allegedly omitted portion of the plea transcript began at 10:25 a.m. and contained a request by the movant for a change of attorney after movant expressed a dissatisfaction with the effectiveness of his attorney's assistance. Movant alleged that his counsel was providing ineffective assistance because he had not prepared adequately for trial. After movant expressed this dissatisfaction with his trial attorney at 10:23 a.m., the plea judge ceased his questioning of movant and allowed movant an opportunity to meet with his trial counsel. The plea transcript reflects that the taking of movant's plea began anew at 10:46 a.m.

We find the following colloquy at the guilty plea hearing between the plea court and movant, which occurred after movant's meeting with his attorney, to be relevant to our inquiry as to whether the alleged ineffectiveness of movant's attorney affected the voluntariness of movant's plea of guilty.

Q [by the Court] Now, sir, you understand your attorney is ready and willing

---

1. All statutory references are to RSMo 1986.

2. All references to rules are to Missouri Rules of Court, 1991, unless otherwise noted.

to try those seven counts on your behalf before a jury?

A [by Movant] Yes, I do.

Q You understand that, sir?

A Yes.

.    .    .    .    .

Q And your attorney was present here this morning when you entered your pleas of guilty; is that correct, sir?

A That's correct.

Q And she was present when you were sentenced here today; is that correct, sir?

A That's correct.

Q And you've discussed these cases with her before entering your pleas of guilty; is that correct, sir?

A That's correct.

Q And did your attorney do the things you asked her to do prior to entering your pleas of guilty?

A Yes.

Q Did your attorney refrain from doing the things you asked her not to do prior to you entering your pleas of guilty?

A Did she refrain?

Q Refrain, yes. Do anything you didn't want her to do?

A No, sir.

.    .    .    .    .

Q Was a sentence imposed on you as a result of the plea bargaining agreement?

A Yes, it was.

Q And was the sentence imposed on you that you expected under the plea bargaining agreement?

A Under—

Q Was the sentence imposed that you expected under the plea bargaining agreement?

A Oh, yes.

.    .    .    .    .

Q Other than the plea bargaining agreement, did your attorney communicate any threats or promises to you to induce you to plead guilty?

A No, sir.

Q Are you satisfied with the services rendered by your attorney, Ms. Reno?

A Yes, sir.

Q Is there anything you wish to add concerning the assistance you received from your attorneys?

A No, sir.

Q Is there anything you wish me to consider as to whether or not probable cause exists for ineffective assistance of counsel?

A Is there anything I would like you to consider?

Q Anything you wish me to consider right now?

A That's a tricky question.

Q I'm willing to listen to you.

A [No response.]

Q Hearing no comments, we'll—

A No, sir.

Movant's counsel has argued that movant being a "lay person" did not understand and fully comprehend the ramifications of the answers he gave to the plea court's questions regarding his satisfaction with his trial counsel's performance but movant made his decision to plead guilty after being fully informed by the court of the constitutional rights he was waiving. Even though movant raised a question as to the preparedness and therefore effectiveness of his trial counsel in the 10:25 a.m. proceeding, movant's allegations were refuted by his testimony in the 10:46 a.m. proceeding, that he was in fact satisfied with his attorney's advice and representation in the case. Movant's trial attorney also refuted movant's allegations by stating, when asked by the plea court in the 10:25 a.m. proceeding, that she was prepared and ready to proceed with movant's trial if movant decided not to plead guilty. At no time during the taking of movant's "official" plea of guilty, did movant repeat his allegation that his trial attorney was ineffective. The only evidence movant offered was his bare allegation that his trial attorney was unprepared.

The motion court found that movant's guilty plea was voluntarily and knowingly made and that movant was provided with effective assistance of counsel. Our review of the entire record reveals that the findings and conclusions of the motion

court are not clearly erroneous. Point denied.

 Movant's second point alleges that the motion court clearly erred in not finding that movant's guilty plea was coerced by the plea judge's insistence that movant either plead guilty or proceed to trial with an allegedly unprepared trial counsel. This point was not raised in movant's *pro se* motion or in movant's amended motion. The motion court therefore did not consider this allegation and it also did not make any findings as to this claim. An issue not raised by a post conviction motion and not presented to the motion court for determination will not be considered for the first time on appeal. *Williams–Bey v. State,* 789 S.W.2d 99, 101 (Mo.App.1990). Point denied.

Movant's third and final point alleges that the motion court erred by denying his motion without an evidentiary hearing because movant claimed that his guilty plea was coerced by his counsel's lack of preparation and the plea court's insistence on movant either pleading guilty or proceeding to trial that day. Movant alleges that these claims of coercion were not refuted by the record. We disagree.

In order to qualify for an evidentiary hearing, movant must satisfy three requirements: (1) he must allege facts, not conclusions which if true would warrant relief; (2) the allegation of fact must not be refuted by the record; and (3) the matters complained of must have resulted in prejudice to the movant's defense. *Cammann v. State,* 785 S.W.2d 763, 764 (Mo.App. 1990). In addition, an evidentiary hearing is not required if the court shall determine that the motion and the files and records of the case conclusively show that the movant is entitled to no relief. *Id.;* Rule 24.035(g).

Movant's assertions of an unprepared trial counsel coercing him into pleading guilty are clearly refuted by the record, as we found in denying movant's first point. Movant's assertion that the plea judge coerced movant into pleading guilty by insisting that movant's trial be held that day if he decided not to plead guilty was not before the motion court and therefore may not be raised on appeal. The motion court determined that an evidentiary hearing was not necessary and we hold after a review of the entire record that the findings and conclusions of the motion court are not clearly erroneous. Point denied.

Judgment affirmed.

KAROHL and GRIMM, JJ., concur.