Albert COUNCE, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 56577.

Missouri Court of Appeals, Western District.

June 8, 1999.

---

Andrew A. Schroeder, Asst. Public Defender Office, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl Caponegro Nield, Asst. Atty. Gen.,Jefferson City, for respondent.

HANNA, Judge.

The defendant, Albert Counce, pleaded guilty to the class A felony of robbery in the first degree, § 569.020, RSMo 1994. He was sentenced to a term of 30 years imprisonment. Mr. Counce's *pro se* Rule 24.035 motion to vacate his conviction was amended by appointed counsel. The amended Rule 24.035 motion was dismissed without an evidentiary hearing. On appeal, Counce complains that his guilty plea was not knowing and voluntary because he was unaware of his Fifth Amendment right not to incriminate himself.

■ Our standard of review of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court were clearly erroneous. Rule 24.035(k); *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989). The findings, conclusions and judgment of the motion court will be deemed clearly erroneous only if, after reviewing the entire record, a mistake has been made. *Forest v. State,* 810 S.W.2d 518, 519 (Mo.App.1991).

Specifically, Counce complains that he was unaware, at the time he pled guilty, of his constitutional right to remain silent if he chose to go to trial. Counce argues that he thought that if he did not take the stand in his own defense, the jury would presume that he was guilty, and if, instead, he testified, the prosecutor would twist his words. Counce states that he would not have pleaded guilty if he knew that he had a right not to testify.

In *Boykin v. Alabama,* the Supreme Court discussed the constitutionality of the process by which a trial judge accepts a guilty plea. 395 U.S. 238, 243, 89 S.Ct. 1709, 1713, 23 L.Ed.2d 274 (1969). Boykin pleaded guilty to five counts of common law robbery. 395 U.S. at 239, 89 S.Ct. 1709. The trial judge accepted Boykin's plea and sentenced him to death without asking Boykin any questions concerning his plea. *Id.* at 239–40, 89 S.Ct. 1709. Upon review, the Supreme Court stated:

> Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Second, is the right to trial by jury. Third, is the right to confront one's accusers. We cannot presume a waiver of these three important federal rights from a silent record ... there was reversible error because the record does not disclose that the defendant voluntarily and understandingly entered his pleas of guilty.

*Id.* at 243–44, 89 S.Ct. 1709. Based on this reasoning, the Court held that the trial judge's conduct in accepting Boykin's guilty plea, without affirmatively showing that it was intelligent and voluntary, violated Boykin's constitutional right to due process.[1] *Id.*

■ Following *Boykin,* Missouri courts have held that a guilty plea that is made in

---

1. Missouri courts have repeatedly endorsed this proposition by holding that before a plea is accepted, the trial court must ascertain that the guilty plea is voluntary, intelligent and accurate. See *White v. State,* 957 S.W.2d 805, 807 (Mo.App.1997); Forest v. State, 810 S.W.2d 518, 519 (Mo.App.1991); *Rolfes v. State,* 574 S.W.2d 948, 950 (Mo.App.1978);

ignorance of one's constitutional right to avoid self-incrimination is not voluntary. *See Pointer v. State,* 641 S.W.2d 448, 449 (Mo.App.1982); *Rolfes v. State,* 574 S.W.2d 948, 950 (Mo.App.1978) (holding that a guilty plea is involuntary under the rule if made in ignorance of one's right to avoid self-incrimination). Therefore, the defendant must be advised of his right to avoid incriminating himself in the event of a trial.

■ In determining whether a guilty plea is voluntary, the court is not limited to the transcript of the guilty plea hearing. *Pointer,* 641 S.W.2d at 449 (citing *Flood v. State,* 476 S.W.2d 529, 533 (Mo.1972)). The court may also consider the evidence produced at the hearing on the motion to vacate judgment. *Id.See also Foster v. State,* 590 S.W.2d 912, 913 (Mo. banc 1979); *Batye v. State,* 599 S.W.2d 231, 235 (Mo. App.1980).

■ Here, a review of the plea transcript reveals that the plea hearing was very comprehensive in all respects, except inquiry concerning the defendant's right not to testify. Counce understood that he was waiving several of his constitutional and statutory rights. Specifically, the discourse between the motion court and Counce reveals that he understood that he would waive his right to a trial by jury, his right to require the state to prove his guilt beyond a reasonable doubt, his right to cross-examine and subpoena witnesses, and his right to an appeal. Missing from the record is any inquiry or discussion concerning Counce's right to remain silent and his understanding that a plea of guilty waives his right not to testify. Not having been granted an evidentiary hearing on his motion, there is no other evidence disputing Counce's claim. Generally, a motion

court is not obligated to believe a defendant's bald assertion that he was unaware of his right against self-incrimination. *Batye v. State,* 599 S.W.2d at 232. Here, however, that assertion is not answered in the record before us. Thus, it must be dealt with on remand. *Id.* at 232. *See also Rolfes,* 574 S.W.2d at 950; *Pointer,* 641 S.W.2d at 450.

There is nothing in the record to warrant the inference that Counce understood, at the time that he pleaded guilty, that he was waiving his right to not testify. Therefore, the order denying Counce's Rule 24.035 motion should be reversed and remanded for a hearing on the voluntariness of Counce's plea.[2]

EDWIN H. SMITH, P.J., and SPINDEN, J., concur.

---

*Baker v. State,* 524 S.W.2d 144, 147 (Mo.App. 1975).

**2.** In addition to the point discussed *supra,* Counce raised the following two points on appeal: (1) that he received ineffective assistance of counsel in that his attorney erroneously assured him that the plea court would not sentence him to the maximum sentence if

he pleaded up to the court without the benefit of a plea agreement; and (2) that the trial court erred in denying his Rule 24.035 motion without making any substantive findings of fact or conclusions of law. Because our discussion on Counce's first point is determinative of the appeal, we do not address these points.